## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

H. ALEXANDER MANUEL,             )
                                 )
        Plaintiff,               )
                                 )
    v.                           )         Civil No. 1:07-CV-02127 (RBW)
                                 )
JOHN E. POTTER, POSTMASTER       )
    GENERAL, U.S. POSTAL         )
    SERVICE,                     )
                                 )
        Defendant.               )

## ANSWER

Defendant, through the undersigned counsel, hereby answers each paragraph in Plaintiff's Complaint as follows:

### Introduction[1]

1.    Defendant admits that Plaintiff purports to bring this action pursuant to Title VII to remedy alleged discrimination based on race and in retaliation for prior EEO activity, but denies that Plaintiff has stated a claim and further denies that he is entitled to any relief.

### Jurisdiction

2.    Defendant admits that Plaintiff filed an EEO complaint with the Postal Service's EEO Office more than 180 days before filing this action, and that he received a Final Agency Decision on November 8, 2007.  The remainder of this paragraph consists of Plaintiff's characterization of this Court's jurisdiction over this action, a conclusion of

---

[1] The headings in this Answer are included solely for ease of reference. Defendant does not respond in this Answer to any allegations contained in the headings that appear in Plaintiff's Complaint.  To the extent a response to those allegations is required, Defendant denies them.

law to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations in this paragraph.  Defendant avers that any actions that allegedly occurred more than 45 days before Plaintiff's initial contact with the Postal Service's EEO Office are untimely and not within the jurisdiction of this Court. Defendant further avers that Plaintiff failed to properly exhaust any claim of constructive discharge, and therefore any such claim is not within the jurisdiction of this Court.

## Venue

3.    Defendant admits that Plaintiff was employed in this District and that Plaintiff's personnel records are maintained in this District.  Defendant denies that any discrimination involving Plaintiff has occurred.  Defendant states that the remainder of this paragraph consists of allegations regarding venue, a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations in this paragraph.

## Parties

4.    Defendant admits that Plaintiff is no longer employed by the Postal Service. Defendant states that it is without knowledge sufficient to admit or deny the remaining allegations in this paragraph.

5.    Defendant admits the allegations in paragraph 5.

## Statement of the Claim

6.    Defendant admits the allegations in paragraph 6.

7.    Defendant denies the allegations in paragraph 7.

8.    Defendant denies the allegations in paragraph 8.

## Statement of Claims

### Claim 1 – Racial Discrimination.

9.  Defendant denies the allegations in paragraph 9.  Defendant further states that no claim for constructive discharge is properly before this Court as Plaintiff never raised such a claim with the Postal Service's EEO Office.

10.  Defendant denies the allegations in paragraph 10.

### Claim 2 – Retaliation.

11.  Defendant denies the allegations in paragraph 11.  Defendant further states that no claim for constructive discharge is properly before this Court as Plaintiff never raised such a claim with the Postal Service's EEO Office.

12.  Defendant denies the allegations in paragraph 12.

## Prayer for Relief

Defendant is not required to respond to Plaintiff's prayer for relief.  However, to the extent a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.  Defendant further avers that 42 U.S.C. § 2000e-5(g)(2)(B) would limit any claim for relief.

## Jury Demand

Defendant denies that Plaintiff can show a genuine issue of material fact entitling him to a jury trial.

All allegations in the Complaint not heretofore specifically admitted, modified or denied are hereby generally denied as if separately and specifically denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint must be dismissed to the extent it asserts claims based on issues that Plaintiff failed to timely raise with the Postal Service's EEO Office.

### Second Affirmative Defense

Plaintiff's Complaint must be dismissed to the extent it asserts claims based on issues that Plaintiff failed to raise at all with the Postal Service's EEO Office (including constructive discharge).

### Third Affirmative Defense

Plaintiff's Complaint must be dismissed because Plaintiff has failed to state a claim upon which relief can be granted.

Defendant reserves the right to assert affirmatively any additional avoidances or affirmative defenses, including any of those set forth in Federal Rule of Civil Procedure 8(c).

WHEREFORE, Defendant prays that the Court dismiss Plaintiff's Complaint and grant such other relief as it may deem appropriate, including costs.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, DC  20530
(202) 307-0372
FAX: (202) 514-8780


OF COUNSEL:
Barbara H. Cioffi
U. S. Postal Service Law Department
P.O. Box 66640
St. Louis, MO  63166-6640
(314) 872-5122
FAX: (202) 406-4646